IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>   Plaintiff, </br>v. </br></br>BATTAGLIA DISTRIBUTING CORP., INC., </br></br>   Defendant. | </br></br></br></br></br></br></br></br></br></br>JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Black employees who were adversely affected by such practices.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the

jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. From at least January 1, 2000, Defendant Battaglia Distributing, Corp., Inc., ("Battaglia") has continuously been a corporation doing business in the State of Illinois, County of Cook, and the City of Chicago, Illinois.

7. From at least January 1, 2007, Defendant Battaglia has continuously had at least fifteen (15) employees.

8. Since at least January 1, 2007, Defendant Battaglia has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Patrick Walker and Dwayne Jackson filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Battaglia.

10. On September 15, 2011, the EEOC issued a Letter of Determination regarding Charge No. 440-08-03059 (Jackson) finding reasonable cause to believe that Respondent "discriminated against Charging Party and a class of employees because of their race, Black, in

that they were subjected in racial harassment, in violation of Title VII." The letter also invited Battaglia to join with EEOC in "informal methods of conciliation." On September 23, 2011, the EEOC issued a Letter of Determination regarding Charge No. 440-08-03092 (Walker). This letter made the same findings and invitation in regard to Walker's Charge.

11. Between approximately September 23, 2011 and April 4, 2012, conciliation efforts between Battaglia and EEOC took place.

12. The conciliation efforts that occurred between approximately September 23, 2011 and April 4, 2012 did not result in an agreement acceptable to the EEOC.

13. On April 4, 2012, the EEOC issued letters regarding both Charges stating that EEOC had determined that the conciliation efforts required by law had occurred and were unsuccessful.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. From at least January 1, 2007, to the present, Defendant Battaglia engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include subjecting Patrick Walker and Dwayne Jackson and other Black employees to harassment and different terms and conditions because of their race. Such practices include, but are not limited to the regular use of offensive racial slurs, including the use of the term "nigger" by both workers and managers, and the refusal of managers to take action to prevent the use of such slurs despite complaints from Black employees.

16. Patrick Walker and Dwayne Jackson and other Black employees found the use of racial slurs to be offensive and unwelcome.

17. The result of the practices complained of in paragraph 15 has been to deprive

Patrick Walker and Dwayne Jackson and other Black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Patrick Walker and Dwayne Jackson and other Black employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make whole Patrick Walker and Dwayne Jackson and other Black employees by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, including medical expenses, in amounts to be determined at trial;

D. Order Defendant to make whole Patrick Walker and Dwayne Jackson and other Black employees by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices, including emotional pain, suffering, loss of enjoyment

of life, humiliation, and inconvenience, in amounts to be determined at trial;

      E.     Order Defendant to pay Patrick Walker and Dwayne Jackson and other Black employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

      F.     Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit.

      G.     Grant such further relief as this Court deems necessary and proper in the public interest; and

      H.     Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

        Respectfully submitted,

        David P. Lopez
        General Counsel

        James Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity Commission
        1801 "L" Street, N.W.
        Washington, D.C. 20507


        s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney

        s/ Gregory Gochanour
        Gregory Gochanour
        Supervisory Trial Attorney

        s/ Ethan M. M. Cohen
        Ethan M. M. Cohen
        Trial Attorney

Ethan M. M. Cohen
Trial Attorney
A.R.D.C. #6206781
United States Equal Employment
    Opportunity Commission
500 W. Madison, Room 2000
Chicago, IL 60661
(312) 353-7568
ethan.cohen@eeoc.gov