IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>BATTAGLIA DISTRIBUTING CORP., INC.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>) Hon. Gary Feinerman<br>)<br>) 13-cv-5789<br>)<br>)<br>)<br>) |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that since at least January 1, 2007, Defendant, Battaglia Distributing Corp., Inc., ("Defendant" or "Battaglia"), violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against Charging Parties, Patrick Walker and Dwayne Jackson, and other similarly situated Black employees by subjecting them to and tolerating a hostile working environment on account of their race. Defendant Battaglia filed an answer denying these allegations. By entering into this Decree, neither party makes any admission regarding any claims or potential claims or any defenses thereto.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

4830-1540-1504.v1-11/4/14

FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court has jurisdiction of the subject matter of this action and of the parties.

b. The terms of this Decree are adequate, fair, reasonable and just. The rights of the parties, the claimants, and the public interest are adequately protected by this Decree.

c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the claimants, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

NON-DISCRIMINATION

4. Battaglia, its officers, agents (including management personnel), successors, and assigns are enjoined from discriminating on the basis of race; and are enjoined from engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any employee on the basis of race; and/or creating, facilitating or tolerating the existence of a work environment that is hostile to employees based on race.

5. Pursuant to terms stated below, EEOC shall monitor Defendant's compliance with the injunction contained in paragraph 4, above. If EEOC finds that Battaglia has not complied with paragraph 4 it shall notify Defendant in writing of its non-compliance, and Defendant shall have thirty (30) days from such notice to persuade EEOC that it is in fact in compliance or to takes steps to come into compliance. If the parties are unable to reach a resolution of any dispute

regarding Defendant's compliance with paragraph 4 within thirty (30) days of EEOC notifying Defendant of non-compliance, the matter may be referred to the Court for resolution.

6. In resolving any dispute with regard to Defendant's compliance with paragraph 4, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

### NON-RETALIATION

7. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice relating to race discrimination made unlawful under Title VII, filed a Charge of Discrimination under Title VII alleging race discrimination or retaliation, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII with respect to such a Charge, or asserted any rights under this Decree.

8. Pursuant to paragraph 7, above, Defendant shall not reduce the hours of, deny overtime to, change the shift of, or discipline or discharge any individual in retaliation for opposition to unlawful discrimination or participation in equal employment opportunity processes as described above. Nothing in this Paragraph, however, shall prohibit or limit Defendant's right to take any of the actions referenced in this Paragraph for legitimate non-discriminatory business reasons and not for retaliatory reasons.

9. If EEOC finds that Battaglia has not complied with paragraphs 7 or 8 it shall notify Defendant in writing of its non-compliance, and Defendant shall have twenty-one (21) days from such notice to persuade EEOC that it is in fact in compliance or to takes steps to come into compliance. If the parties are unable to reach a resolution of any dispute regarding Defendant's compliance with paragraphs 7 and 8 within twenty-one (21) days of EEOC notifying Defendant of non-compliance, the matter may be referred to the Court for resolution.

4830-1540-1504.v1-11/4/14

10. In resolving any dispute with regard to Defendant's compliance with paragraphs 7 and 8, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

## MONETARY SETTLEMENT

11. Defendant agrees to pay a total of $115,000 in settlement to the Charging Parties as alleged damages. The distribution of the damages between the two Charging Parties shall be determined in the sole discretion of the EEOC. Within seven (7) days of the entry of this Decree, EEOC shall notify Defendant of the distribution of money to the Charging Parties, and Defendant shall pay the Charging Parties in the manner described below.

12. All of the money shall be considered compensatory damages, and no payroll withholdings shall be made. Defendant will issue an IRS Form 1099 for the money paid. Within five (5) business days after receipt by Defendant of the Release Agreement in the format of Exhibit A from Charging Parties, Defendant shall issue and mail by certified mail Charging Parties, a certified or cashier's check payable to them at the address provided by the EEOC, in settlement for damages alleged in this case by the EEOC, with a copy to the EEOC.

13. Defendant shall pay the gross sum of six-hundred and twenty thousand dollars ($620,000) ("the Settlement Fund") to claimants identified by EEOC ("claimants"). Distribution shall be as follows:

    a. The payments are to be made as payment for damages. Each claimant whom the EEOC determines (with the Court's approval) is entitled to receive relief under this Decree shall receive an amount from the settlement fund as determined by the EEOC in its sole discretion. In determining the amount of the fund to be received by each claimant, EEOC shall take into account, at a minimum, the following: tenure at Battaglia, harm described to EEOC, EEOC's assessment of the relative merit of the claim EEOC would have been able to bring on

4

behalf of the claimant, and cooperation with EEOC during the litigation. EEOC may allocate the funds by assigning claimants to ranked tiers based on the above criteria. None of the money shall be considered compensation for lost wages, so no withholdings shall be made from the amount of the settlement paid to said claimants. Defendant will issue IRS Form 1099s with respect to the money paid. Inclusion of claimants in the class of identified claimants entitled to relief under this Decree has been at the sole discretion of the EEOC, subject to Court approval.

b. In order to be eligible to receive payment through this Decree, each claimant must: i) be Black; ii) have been employed by and worked at Defendant between January 1, 2007 and the present; iii) have been identified by EEOC as a potential claimant; iv) have provided EEOC with a completed questionnaire regarding his/her claim if requested by EEOC; and, v) have returned a signed release which was actually received by the EEOC within the time frame provided in this Decree.

c. EEOC shall require all claimants to submit signed Releases, in the form of Exhibit A, attached, to EEOC within ninety (90) days of the entry of this Decree. **ANY IDENTIFIED CLAIMANT WHOSE EXECUTED RELEASE IS NOT ACTUALLY RECEIVED BY EEOC WITHIN NINETY (90) DAYS AFTER THE ENTRY OF THIS DECREE SHALL BE DEEMED, WITHOUT FURTHER ACT OR DEED BY ANY PERSON OR THE COURT, TO BE INELIGIBLE FOR AND FOREVER BARRED FROM RECEIVING ANY PAYMENTS OR OTHER RELIEF UNDER THIS DECREE.**

d. Within one hundred and twenty (120) days of the entry of this Decree, EEOC shall file with the Court, for the Court's consideration, its list of eligible claimants. EEOC will also notify the Court of claimants, if any, who failed to return completed releases within the time period allowed, and who will, therefore, be ineligible to receive damages under

this Decree. EEOC will concurrently serve upon Defendant its list of eligible claimants, along with their current addresses and their executed Releases. After appropriate review, in connection with which EEOC shall provide any non-privileged information within EEOC's possession that the Court requests, the Court will enter an order approving the allocation of the Settlement Funds and the distribution thereof pursuant to this Decree.

   e. Within seven (7) days after entry of this Decree, Battaglia shall cause its insurance carrier to transfer the sum of Seven Hundred Thirty-Five Thousand Dollars ($735,000) to the law firm of Laner Muchin, Ltd. ("Laner Muchin") on Battaglia's behalf, and Laner Muchin will deposit that sum into its client trust account. Laner Muchin shall transfer to Battaglia from its client trust account the amounts to be paid under this Consent Decree to Charging Parties and the claimants from this account, and Battaglia will pay Charging Parties and the claimants, as the settlement payments as set forth below in subparagraph 13(f).

   f. Within fifteen (15) business days after Court approval of EEOC's allocation of the Settlement Fund to Charging Parties and to claimants, Defendant shall issue and mail by certified mail to each eligible Charging Party and identified claimant, by check, an amount indicated by EEOC.[1] In the event that a check is deemed undeliverable, Defendant shall advise the EEOC. The EEOC shall then have an additional thirty (30) days to provide an alternative address for the mailing of such check. If ninety (90) days after the Court's approval of EEOC's allocation of the Settlement Fund any checks remain undeliverable (including any returned from the alternate address), then Defendant shall return the check to the Laner Muchin

---

[1] EEOC may, in its sole discretion, reserve no more than 3% of the Settlement Funds ($18,600) for contingencies such as errors in EEOC's initial allocation of settlement funds. EEOC may direct Battaglia to disburse any funds so retained to designated claimants for up to ninety (90) days after Court approval of the initial allocation. Any reserves not allocated to claimants after this 90-day period shall be paid to the charity agreed to by the parties in Paragraph 13.f. of this Decree.

4830-1540-1504.v1-11/4/14

client trust account, and Laner Muchin shall issue a check in the aggregate amount thereof to The Safer Foundation, a non-profit organization headquartered in Chicago, IL which provides services to individuals with criminal records. Upon issuance of any such check to The Safer Foundation, Battaglia shall be released from all obligations under this Decree to make any payment to such claimants whose checks could not be delivered, and the right of such claimants to receive any monetary or other relief under this Decree shall be extinguished and forever barred. No portion of the monetary relief provided for by this Decree shall revert to Defendant or left in the Laner Muchin client trust account.

## NOTICE OF CONSENT DECREE

14. Within ten (10) business days after entry of this Decree, Battaglia shall post a same-sized copy of the Notice attached as Exhibit B to this Decree in a location usually used by Battaglia for communicating with employees at its distribution facility in Chicago, Illinois. The Notice shall remain posted for four (4) years from the date of entry of this Decree. Battaglia shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Battaglia shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Battaglia shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

15. For a period of four (4) years following entry of this Decree, Battaglia shall maintain and make available for inspection and copying by the EEOC records (including name, race, sex, social security number, address, telephone number, position) of each person who makes any complaint, whether formally or informally, of racial discrimination; efforts Defendant took to investigate such complaints; actions taken by Defendant in response to such complaints

(e.g. whether the investigation found support for the complaint or not, whether discipline was issued as a result of the complaint, etc.). Defendant shall also record the race of each individual hired for employment at Battaglia, the hours worked by each hourly employee and the rate of pay of each hourly employee.

16. Nothing contained in this Decree shall be construed to limit any obligation Battaglia may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

17. Battaglia shall furnish to the EEOC the following written reports every six months for a period of four (4) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due forty-six (46) months after entry of the Decree. Each such report shall contain:

   a. A summary of the information recorded by Battaglia pursuant to Paragraph 15 during the preceding six month period;

   b. A certification by Battaglia that it has complied with the Notice requirements contained in paragraphs 14.

## TRAINING

18. Defendant shall provide annual training on Title VII's prohibitions on racial harassment to its human resources professionals and to its supervisors and managers. Battaglia shall first provide training in accordance with this paragraph within ninety (90) calendar days of the entry of this Consent Decree.

19. Battaglia shall obtain the EEOC's approval of its proposed trainer prior to each set of training sessions. Battaglia shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The

EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s) by written notice to Battaglia. In the event the EEOC does not approve Battaglia's designated trainer(s), Battaglia shall have fifteen (15) calendar days to identify an alternate trainer. The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the EEOC does not approve Battaglia's alternate trainer, the parties may seek assistance of the Court in selecting a trainer, pursuant to paragraph 22, below.

20. Battaglia agrees that prior to each training it will provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written, visual, audio, and digital materials provided to the participants of the training sessions. Even though the EEOC has approved of a trainer for one training session, it is not required to approve of the same trainer for a subsequent training session.

21. Battaglia shall certify to the EEOC in writing within five (5) business days after the trainings have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

## DISPUTE RESOLUTION

22. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing within ninety (90) days of the alleged non-compliance and shall afford the alleged non-complying party thirty (30) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or

satisfied the complaining party that it has complied within thirty (30) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

23. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of four (4) years immediately following entry of the Decree, provided, however, that if, at the end of the four (4) year period, any disputes under Paragraph 22, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes under Paragraph 22, above, have been resolved.

## MISCELLANEOUS PROVISIONS

24. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

25. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant; provided, however, that this Decree will not be binding on any person during any period that the person is no longer a representative, agent, director, officer, assign or successor of Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant, prior to the effectiveness of any such acquisition or merger. In the event that Defendant, is acquired by or merges with another organization, Defendant shall notify EEOC of this fact, in writing, within ten (10) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree, and shall not be deemed to expand the remedies and liabilities provided for in Title VII or the Court's power and authority to enforce consent decrees or orders.

26. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Battaglia Settlement, Attn. Ethan M. M. Cohen, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of notices or materials to Battaglia, they shall be mailed to: Joseph M. Gagliardo or Clifford R. Perry, III, Laner Muchin, 515 N. State, Suite 2800, Chicago, IL 60654. With agreement of the parties, submissions may be made by e-mail. Battaglia through its counsel hereby represents, warrants, and agrees that the execution of this Consent Decree has been duly authorized and is a legal, valid and binding obligation of Battaglia, enforceable against it in accordance with its terms.

4830-1540-1504.v1-11/4/14

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>131 M Street, N.E.<br>Washington, D.C. 20507<br><br>P. David Lopez<br>General Counsel<br><br>James Lee<br>Deputy General Counsel<br><br>Gwendolyn Young Reams<br>Associate General Counsel<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>500 W. Madison St., Suite 2000<br>Chicago, Illinois 60661<br>(312) 869-8104<br><br>_____<br>John C. Hendrickson<br>Regional Attorney<br><br>_____<br>Gregory M. Gochanour<br>Supervisory Trial Attorney<br><br>_____<br>Ethan M. M. Cohen<br>Richard Mrizek<br>Trial Attorney<br><br>DATE: 11-10-2014 | For Battaglia Distributing Corp., Inc.:<br><br>_____<br>Joseph M. Gagliardo<br>Clifford R. Perry III<br>Laner Muchin, Ltd.<br>515 N. State Street, Suite 2800<br>Chicago, IL 60654<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ENTER: _____<br><br>_____<br>Hon. Gary Feinerman<br>United States District Judge |

4830-1540-1504.v1-11/4/14

## EXHIBIT A

## RELEASE AGREEMENT

I, xxxxxxxxxx, for and in consideration of my receipt of the settlement sum of $XX,000.00, payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Battaglia Distributing Corp., Inc.,* No. xxxxxx (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Battaglia Distributing Corp., Inc. ("Battaglia"), and all past and present shareholders, officers, agents, employees, and representatives of Battaglia, as well as all successors and assignees of Battaglia (the "Released Parties"), from any and all claims and causes of action of any kind which I now have or ever have had under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, as a result of or arising from the subject matter and claims which were asserted in *EEOC v. Battaglia Distributing Corp., Inc.,* No. xxxxxx (N.D. Ill.).

_____          _____
Date                                                              xxxxxxxxxxxxxxxxxxxxx

## EXHIBIT B

## NOTICE TO ALL BATTAGLIA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *Battaglia Distributing Corp., Inc.*, No. 13-cv-5789 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Battaglia Distributing Corp., Inc. ("Battaglia"). By entering into this Decree, neither party makes any admission regarding any claims or defenses.

In its suit, the EEOC alleged that Defendant subjected Black employees to a hostile working environment on account of their race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, Battaglia and the EEOC entered in to a Consent Decree which provides, among other things, that:

1) Battaglia will make monetary compensation to a group of current and former Black employees;

2) Battaglia will not tolerate racial harassment;

3) Battaglia will make regular reports to EEOC regarding its compliance with the Decree; and,

4) Battaglia will provide training to its managers and human resources professionals on the requirements of Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8009. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for four years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Battaglia Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

11-10-2014

Date

Hon. Gary Feinerman
District

4830-1540-1504.v1-11/4/14

## NOTICE TO ALL BATTAGLIA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *Battaglia Distributing Corp., Inc.*, No. 13-cv-5789 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Battaglia Distributing Corp., Inc. ("Battaglia"). By entering into this Decree, neither party makes any admission regarding any claims or defenses.

In its suit, the EEOC alleged that Defendant subjected Black employees to a hostile working environment on account of their race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, Battaglia and the EEOC entered in to a Consent Decree which provides, among other things, that:

1) Battaglia will make monetary compensation to a group of current and former Black employees;

2) Battaglia will not tolerate racial harassment;

3) Battaglia will make regular reports to EEOC regarding its compliance with the Decree; and,

4) Battaglia will provide training to its managers and human resources professionals on the requirements of Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8009. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for four years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Battaglia Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

_____11-10-2014_____       _____
Date                                          Hon. Gary Feinerman
                                              District Court Judge